824 P.2d 192

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph William PHILLIPS,
Defendant–Appellant.**

**Nos. 19090, 19329.**

Court of Appeals of Idaho.

Jan. 31, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Joseph William Phillips pled guilty to grand theft by possession of stolen property. I.C. § 18–2403(4), –2407. He appeals from the judgment of the district court imposing a unified sentence of five years in the custody of the Board of Correction, with a minimum period of confinement of eighteen months, to be served consecutively to the sentence Phillips was already serving. Phillips argues on appeal that his sentence is unreasonable. He also asserts that the district court abused its discretion in denying his motion under I.C.R. 35 for reduction of sentence. We affirm.

Phillips's sentence is within the statutory maximum of fourteen years incarceration and a $5,000 fine for grand

theft. I.C. § 18–2408(2)(a). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. Idaho Code § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Phillips's actual term of confinement as eighteen months. Phillips must establish that under any reasonable view of the facts a period of confinement of eighteen months for grand theft by possession of stolen property was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. The state charged Phillips with one count of grand theft by possession of stolen property, namely, various household appliances having a value of over $150. Phillips pled guilty to this charge in a plea bargain in which a similar felony charge pending before a different judge was dismissed, and the state agreed not to file a persistent violator enhancement against Phillips.

■ Phillips was on parole at the time he committed this offense. The district court in its sentencing comments noted Phillips's criminal record of five prior felonies involving repeated theft offenses. The judge observed that Phillips had not been successful in conforming his conduct to the requirements of probation or parole. He had already been confined in the state penitentiary twice. The district court's sentencing comments reflect a concern that society be protected from Phillips's pattern of criminal conduct. The court nevertheless demonstrated a concern for rehabilitation by commenting at sentencing that it was up to Phillips to demonstrate to the Commission on Pardons and Parole that he could be released from confinement sooner than the maximum five-year length of the sentence.

The district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

■ Phillips timely filed a motion under I.C.R. 35 for reduction of his sentence, in which he requested the court to reduce his sentence to time served. The district court issued an order denying the motion and stating its reasons. From this order the defendant appeals.

In an additional pleading submitted in support of the Rule 35 motion, Phillips's counsel asserted that Phillips has been working as a cook at the ISCI, that he expected to be reclassified as a minimum custody inmate, that he would have employment with his previous employer upon his release, and that Phillips continued to have the love and support of his family. The district court considered these matters in its written order denying the motion. The court nevertheless concluded that it had acted appropriately in ordering the present sentence to be served consecutively to the sentence Phillips was already serving, and that the sentence was imposed to punish the defendant, to deter him and others from similar crimes, and to protect society. The sentencing goal of rehabilita-

tion, in the court's view, was a lesser consideration to these other sentencing goals.

As noted above, Phillips's sentence was reasonable when imposed. The arguments made on his Rule 35 motion are not persuasive that the sentence should have been reduced. We hold that the district court did not abuse its discretion in denying Phillips's motion for reduction of his sentence.

The judgment of conviction and sentence, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.