653 P.2d 1183

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Leonard Lloyd REINKE,
Defendant-Appellant.**

No. 14352.

Court of Appeals of Idaho.

Nov. 16, 1982.

Barry E. Watson, Wallace, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

A juvenile petition alleged that sixteen-year-old Leonard Reinke attempted to commit a robbery on August 10, 1981, in violation of I.C. §§ 18–306, 18–6501. Due to Reinke's prior juvenile record, the magistrate found that Reinke was not amenable to further treatment in the juvenile system. The magistrate waived exclusive jurisdiction under the Youth Rehabilitation Act, and Reinke was charged as an adult. After he pled guilty to the attempted robbery charge, he was sentenced by the district court to a term of imprisonment not to exceed ten years, notwithstanding the prosecutor's recommendation of an indeterminate five-year term.

The sole issue we address in this appeal is the question whether the ten-year, indeterminate sentence was excessive and an abuse of discretion, in light of Reinke's youth. We affirm the sentence. Reinke has also invited us to decide whether the Board of Correction has abused its authority, during his confinement, by not affording him all of the rehabilitative programs recommended by the district judge when imposing the sentence. We decline to address this issue because it relates to matters outside the record—and subsequent to the time—of the proceedings in the district court. If there is a judicial remedy for Reinke's perceived grievance against the Board of Correction, it is not available through an appeal from the sentence imposed by the district court.

The primary responsibility for sentencing rests within the discretion of the trial judge. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). The ten-year, indeterminate sentence imposed upon young Reinke was within the statutory limits for attempted robbery. The court could have sentenced Reinke to a fixed fifteen-year term. *See* I.C. §§ 18–306 and 18–6501 *in conjunction with* §§ 19–2513A and 20–223.

Ordinarily, we will not disturb a sentence within the statutory maximum unless the

appellant affirmatively shows a "clear abuse of discretion." *State v. Anderson,* 103 Idaho 622, 651 P.2d 556 (Ct.App.1982). The scope of our review in a case where a sentence is alleged to be excessive in length requires that this court make an independent examination of the record, having regard to the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Shideler,* 103 Idaho 593, 651 P.2d 527 (1982).

We have held that a term of confinement is reasonable, and not excessive, to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Anderson, supra; State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

■ Reinke maintains that an indeterminate ten-year period in the state penitentiary would effectively turn the formative years of his young life into an ever-progressing school for crime. He argues that the protection of society and his own rehabilitation would be adequately served by a reasonable sentence not to exceed five years.

These arguments must be weighed against the record. Turning first to the nature of the offense, the record discloses that Reinke and a companion apparently followed an elderly couple into the foyer of their apartment building at 10:30 p.m. Wielding a knife, Reinke demanded the man to turn over his wallet. The wallet had no money in it. Reinke's companion then ordered the woman to hand over her purse, at which point Reinke decided he did not want to take her money and the two young men gave up their robbery intentions and departed. Reinke later stated that prior to this incident he had ingested seventeen "hits of acid," and he and his companion had shared a full fifth of alcohol. Although no one was hurt in this incident, the crime placed two victims in a life-threatening situation. This is a serious offense, even though no money was taken and the robbery was prematurely discontinued.

As for the character of Reinke, although he was only sixteen years old at the time of this incident, his life shows an established pattern of uncontrolled substance abuse and violent behavior towards others. The record discloses that he had little parental guidance since the age of nine, when his parents split up and he moved to Idaho with his mother. At the age of thirteen, Reinke was sent to the Youth Services Center in St. Anthony, Idaho, for counseling and treatment. He remained there thirty-five months. During this time, he assaulted counselors, ran away several times, and was obstreperous and uncontrollable in programs offered at the center. Much of this time he spent in "lock up" because of his disruptive behavior. He was released from the Youth Services Center six months prior to the attempted robbery. In the presentence investigation, after Reinke pled guilty to the attempted robbery, the authorities at the center predicted that he would be a dangerous threat to the public.

During the six months after his release from the Youth Services Center and before he was apprehended for the attempted robbery charge, Reinke lived a transient existence. He subsisted by stealing money and food, by fencing stolen weapons, by selling controlled substances, and by stealing vehicles when he needed transportation.

He also suffered from substance abuse— of both alcohol and drugs. By his own admission, he tended to go "overboard" when using these substances, and it appears that most of his criminal activity occurred while he was under the influence of some massive quantity of controlled drugs or alcohol.

Considering the nature of the offense and the character of the appellant, we believe that protection of the public interest required a sentence of confinement in this case. *See State v. Shideler, supra; State v. Stormoen,* 103 Idaho 83, 645 P.2d 317 (1982). In reviewing the length of confinement under an indeterminate sentence, we will take account of parole eligibility. *State v. Toohill, supra.* Assuming Reinke exhibits gen-

uine signs of reform, he could be eligible for parole after serving one-third of the ten-year sentence, or three and one-third years. I.C. § 20–223.

We believe that upon any reasonable view of the facts a term of at least three and one-third years' confinement does not exceed the period necessary to protect society from Reinke's established pattern of criminal behavior. We conclude that the sentence imposed is not excessive, and it is affirmed.

SWANSTROM and BURNETT, JJ., concur.