755 P.2d 1307

STATE of Idaho, Plaintiff–Respondent,

v.

Larry Gene BOLTON, Defendant–Appellant.

No. 17016.

Court of Appeals of Idaho.

May 27, 1988.

R. Ted Israel, Deputy Public Defender, of Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Upon pleas of guilty, Larry Gene Bolton was

convicted of three felony offenses: driving under the influence (DUI), malicious injury to property, and issuing a check upon insufficient funds. The district court imposed concurrent indeterminate sentences of two years for the DUI, two years for the insufficient funds check and five years for the malicious injury to property. Bolton now claims that the sentences are excessive. We hold that they are not.

The offenses in question were committed before February 1, 1987, the effective date of the unified sentencing statute (I.C. § 19-2513). Our standards of appellate review in such cases are well settled and need not be repeated at length. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). For the purpose of appellate review, we presume that the duration of confinement under concurrent indeterminate sentences is deemed to be one-third of the facial term of the longest sentence. *Id.* Here the period of confinement on which we base our review is one-third of five years, or twenty months. The question is whether such a term of confinement is reasonable under the facts of the case.

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon the nature of the offenses and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). As to the DUI charge, Bolton was stopped by police for erratic driving. Tests revealed a blood-alcohol level of at least .16 percent. This conviction was Bolton's fourth for DUI. The insufficient funds conviction also was alcohol-related. Bolton wrote a check at a bar in order to buy drinks for friends. Finally, the malicious injury conviction resulted from Bolton entering his ex-wife's home and causing extensive property damage. There was additional evidence indicating that Bolton may have tried to set the house afire.

Bolton had an extensive criminal record when he committed these offenses. He had been convicted of first degree arson and battery as well as numerous other misdemeanors over the preceding ten-year period. The arson had been perpetrated at a house in which another former wife was sleeping—indicating a tendency toward violence and vengeance against the women in Bolton's life.

The presentence report disclosed that Bolton suffered from severe alcoholism. The report indicated that he had received some treatment but that the problem had recurred. An attached psychological evaluation concluded that the alcohol problem was superimposed over a diagnosed aggressive personality disorder, creating a distinct potential for future violent behavior. The presentence investigator concluded that Bolton was a poor candidate for probation.

The district judge noted the violent nature of the malicious injury to property as well as the similarity between that offense and the previous arson. He concluded that, considering the nature of the charges and Bolton's past record, "a penitentiary sentence is required in the present case." However, the judge also acknowledged a long-term possibility of rehabilitation. Accordingly, faced with a choice between indeterminate and fixed sentences, the judge chose the former. He thereby provided for a significant term of confinement while opening the door for Bolton to earn a release in less than two years.

We think the reasons given by the district judge for the sentences he imposed were sound. Confinement for at least twenty months is not an unreasonable safeguard for society against the pattern of violence and disregard for the law exhibited by Bolton. We find no abuse of sentencing discretion. The judgments imposing the sentences are affirmed.