769 P.2d 1151

STATE of Idaho, Plaintiff–Respondent,

v.

Warren Harold SHAW,
Defendant–Appellant.

No. 17172.

Court of Appeals of Idaho.

March 7, 1989.

Edward B. Odessey, Ada County Public Defender, of Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon his pleas of guilty, Warren Harold Shaw stands convicted of rape (one count), second degree burglary (three counts), first degree burglary (two counts) and grand theft (three counts). For the rape, he received a twenty-year sentence with a nine-year minimum period of confinement. For the other crimes he received sentences ranging from five to nine years, running concurrently with the rape sentence. On appeal, he contends that the sentences are unduly harsh. For reasons explained below, we affirm the judgment imposing the sentences.

Because the sentences imposed are within the limits prescribed by the applicable statutes, we must uphold them unless the record indicates that the trial judge abused his discretion. Our analysis begins by noting that our primary focus is upon the length of confinement reasonably likely to result from the sentences. Here, because all of the sentences are concurrent, the critical factor is the minimum nine-year period of confinement under the rape sentence. By focusing on this nine-year period of confinement, we do not suggest that Shaw would be *entitled* to parole when that time period expires; but we do recognize that he will then be *eligible* for parole.

In determining the reasonableness of such confinement, we apply the criteria enunciated in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

In applying these criteria to a given case, we conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The offenses to which Shaw pled guilty are but nine of twenty-one alleged crimes leading to his arrest. In the sentencing proceeding the prosecutor informed the court that Shaw had admitted participating

in the other crimes, which included burglaries of residences or businesses and the theft of cash, jewelry, equipment and stealing cars. The rape occurred early one morning when Shaw broke into a residence and surprised the female occupant. He grabbed her by the hair, held a knife to her throat, and threatened her with physical violence. After the rape, he bound the victim and ransacked her home, removing items of personal property.

Prior to this cluster of crimes, Shaw's criminal history consisted of three felonies. He was on probation when the instant offenses occurred. He also had a lengthy juvenile record, having begun his encounters with the criminal justice system at the age of thirteen. It appears that he was a drug addict, committing the burglaries and thefts to obtain money for "crack" and methamphetamine. When sentenced in this case, he was nineteen years old.

The transcript of the sentencing hearing shows that the judge was primarily concerned about Shaw's relentless commission of property crimes, punctuated by occasional violent outbursts. She concluded that a long period of confinement was necessary to assist Shaw in overcoming his drug habit and to remove him from opportunities to commit more crimes. Although Shaw contends that the judge did not properly consider his youth and the possibility of rehabilitation, the transcript reveals that the sentencing court considered these factors. However, she determined that the serious nature of the offenses, and Shaw's extensive criminal history, indicated a need for prolonged confinement in order to protect society.

We hold that the sentences, requiring at least nine years of confinement, are not excessive for this purpose. The district judge did not abuse her sentencing discretion. Accordingly, the judgment imposing the sentences is affirmed.