810 P.2d 272

STATE of Idaho, Plaintiff–Respondent,

v.

Ronald Eugene WAGES, Defendant–Appellant.

No. 18186.

Court of Appeals of Idaho.

May 6, 1991.

G. LaMarr Kofoed, Fruitland, for defendant-appellant.

Jim Jones, Atty. Gen., Michael J. Kane, Deputy Atty. Gen., for plaintiff-respondent. Michael J. Kane argued.

SWANSTROM, Judge.

Ronald Wages appeals from his judgment of conviction for first-degree murder. I.C. §§ 18–4001, –4003. Wages contends that the district court abused its discretion in sentencing him to a determinate life sentence for the murder of Denise Williams. Williams was stabbed to death by Wages and co-conspirator, Maxwell Hoffman, because of her work as a drug informant for the Nampa Police Department. Wages now argues that justice would be served adequately if he were sentenced to an indeterminate life sentence with ten years minimum incarceration, rather than a fixed life sentence. We affirm the judgment of conviction, imposing the sentence.

In September, 1987, Denise Williams became another of the countless victims of the sordid business of drug dealing. We here briefly relate only a few events of her murder. In confessing to his part of this tragic story, Wages supplied the following account of his involvement. Richard Holmes, a drug dealer in Canyon County, hired Wages and Hoffman as body guards and "enforcers" for his drug business. However, several men participated in Holmes' plan to stop Williams from testifying against Holmes at trial. At Holmes' order, Williams was kidnapped and driven to a remote area in Owyhee County. During the ordeal, Williams was stripped naked, tied to a tree, and physically abused. Holmes later drove off, after telling Kaufman, "you know what to do." Ultimately,

Williams was dragged away and brutally stabbed by Hoffman. Initially, Wages did not participate in the stabbing. However, Wages contends that Williams begged him to put her out of her misery in the last moments before her death. This prompted Wages to end Williams' life by stabbing her in the chest with a knife.

The district court sentenced Hoffman to death because of his savage part in the murder. Wages was given a determinate life sentence because his involvement in the murder was less culpable. In evaluating the reasonableness of this sentence, we must consider not only the nature of the offense but also the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The record discloses that Wages led a relatively productive life before he became involved with drugs and alcohol. It was this addiction which eventually led to his association with Holmes. Drugs and alcohol, together with Holmes' manipulative personality, undoubtedly had a strong influence on Wages' violent behavior. At the sentencing hearing, Wages was described as a man who was genuinely troubled by the murder of Denise Williams. He expressed sincere remorse for his part in the murder, and he has been motivated to study and become involved in religion. It is also to Wages' credit that he voluntarily cooperated with police authorities in the murder investigation. Without his aid, the state might not have been successful in prosecuting Holmes or Hoffman.

The sentencing judge relied upon these factors in rejecting the death penalty. Despite the mitigating factors, the judge believed that a determinate life sentence was needed to protect society. The court emphasized that any lesser sentence would depreciate the seriousness of the crime.

Our standard of review in sentencing cases is well-known. If the sentence is within the limits prescribed by law, it will not be disturbed on appeal absent a clear showing that the district court abused its discretion. *State v. Wolfe*, 107 Idaho 676, 691 P.2d 1291 (Ct.App.1984). A sentence will be considered excessive if it is shown to be unreasonable in light of the facts. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable if it achieves the primary goal of protecting society and accomplishes any or all of the related goals of retribution, deterrence or rehabilitation. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence is unreasonable if it exceeds the amount of time necessary to fulfill these objectives. *Id.* On appeal, we will not substitute our judgment for that of the sentencing judge where reasonable minds might disagree. *State v. Wolfe, supra.* Consequently, the burden is on Wages to show that, under any reasonable view of the facts, his sentence was unduly harsh in light of the sentencing goals. *State v. Toohill, supra.*

Here, Wages' determinate life sentence is within the statutory maximum. A sentencing judge is legally required to sentence a first-degree murder offender to imprisonment for life or the death penalty, depending on whether aggravating circumstances are present. I.C. § 18–4004; I.C. § 19–2515. In this case, the sentencing judge found two aggravating circumstances existed beyond a reasonable doubt. The first was that the crime was atrocious and cruel, manifesting exceptional depravity. I.C. § 19–2515(g)(5). Second, the judge observed that the murder was committed against a person who was a potential witness for the state in a criminal proceeding and who was murdered because she was going to testify on behalf of the state. I.C. § 19–2515(g)(10).

In mitigation of the crime, the judge acknowledged: (1) Wages did not have a history of violence; (2) Wages possessed job skills as a truck driver and had been a productive member of society; (3) drug and alcohol dependency adversely affected Wages' thought processes; (4) some conduct on the part of Wages was inconsistent with a desire to murder the victim; and (5) Wages had exhibited extreme remorse for the crime.

After balancing the mitigating factors against the aggravating factors, the judge

determined that imposing the death penalty would be unjust in this case. I.C. § 19–2515(c). The judge then sentenced Wages to a fixed life sentence for the first-degree murder. A fixed life sentence requires that an inmate be incarcerated for the remainder of his natural life, without the possibility of parole. I.C. § 18–4004.

Based on our review of the record, we believe that the sentencing judge properly exercised his sentencing discretion. The court relied properly upon the need to protect society, for Wages' criminal conduct showed that he is very dangerous to society when he is "out of control." Under any reasonable view of the facts, we cannot say that the sentencing judge abused his discretion in sentencing Wages to a determinate life sentence. We affirm the judgment of conviction imposing the sentence.

WALTERS, C.J., and SILAK, J., concur.