815 P.2d 490

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eulalio Osario BAIZ, Defendant–Appellant.**

No. 19033.

Court of Appeals of Idaho.

Aug. 13, 1991.

Gregg E. Lovan of Rettig, Rosenberry, Lovan & Pangburn, Caldwell, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

**PER CURIAM.**

Eulalio Baiz pled guilty to two counts of delivery of a controlled substance, heroin. I.C. § 37–2732(a)(1)(A). The court imposed unified sentences of fifteen years, with a minimum period of confinement of five years, on each count and ordered that the sentences be served concurrently. Baiz appeals, arguing that the sentences are unreasonably and excessively harsh and therefore constitute an abuse of the court's sentencing discretion. We affirm.

## FACTS

The essential facts may be summarized as follows. Baiz made several sales of black tar heroin to an undercover informant for the police during a span of approximately one month. Evidently, Baiz was only a link in the drug culture, acting first as a broker and then as a courier between the supplier and the recipient-informant. Baiz was initially contacted by the informant who said he would like to purchase heroin at a given price per ounce. Baiz then came in contact with the supplier who said he could provide the heroin. As a result, Baiz would obtain the heroin from the supplier, deliver it to the informant for an agreed price, receive the money and take the money back to the supplier. Baiz alleges he was paid $100 by the supplier for each of the transactions.

Baiz was indicted by a grand jury on three of the transactions. He entered into a plea bargain with the state in which he agreed to plead guilty to two of the charged offenses and the state agreed to dismiss the third charge and not to file upon a fourth possible charge. One of the counts upon which Baiz pled guilty involved eight ounces of heroin that he had delivered to the informant in exchange for $28,000; the other charge involved one ounce of heroin Baiz sold for $3600.[1]

## DISCUSSION

The maximum sentence for delivery of heroin is life imprisonment. I.C. §§ 37–

---

1. The third and fourth charges which the state agreed not to pursue each involved one ounce of heroin sold for $3600.

2732(a)(1)(A); 37–2705(c)(11). Thus, the unified sentences imposed were within the limit permitted by statute. In addition, the sentences in this case could have been ordered to be served consecutively, in the court's discretion. I.C. § 18–308. In evaluating the reasonableness of a sentence, we focus on the probable duration of confinement to determine whether that period appears necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Under the Unified Sentencing Act, I.C. § 19–2513, the trial court fixes the minimum period of confinement—in this case, five years—upon which appellate review is focused. *State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989).

The reasonableness of a sentence also must be considered in light of the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). As to Baiz' character, the record shows that he was thirty years old, divorced with dependent children, was a reliable and hard worker when employed, had no formal education, had considerable familial support and was well liked by his friends. He had no prior criminal record save one shoplifting conviction five years earlier in Florida. He did not smoke, drink or use drugs and expressed contrition and repentance over his involvement with these drug transactions. Balanced against this favorable background, the nature of the offense and the protection of the public interest weighed heavily in the district court's consideration of an appropriate sentence. The court noted that Baiz' dealings involved "close to $40,000 in a three-month [sic] period of the most deadly drug that we can have in our society" and that "the Court has to take into account the amount of heroin that was delivered in this case." The period of incarceration ordered by the court clearly reflects the primary objective of the protection of society, and the deterrence both of Baiz and other individuals who may be tempted to engage in the distribution of large quantities of heroin or other controlled substances.

## CONCLUSION

In light of the standards of appellate review set forth above, we conclude that the district court did not abuse its discretion by sentencing Baiz to the custody of the Board of Correction for concurrent terms of fifteen years and with minimum periods of confinement of five years, on each of the charges. The sentences are affirmed.