828 P.2d 351

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas E. BURNS, III, Defendant–Appellant.**

No. 19256.

Court of Appeals of Idaho.

April 1, 1992.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Thomas E. Burns, III, was found guilty by a jury of aggravated battery, a felony, I.C. §§ 18–903(a), 18–907(a). He appeals from the judgment of the district court imposing a unified sentence of fifteen years in the custody of the Board of Correction, with a minimum period of confinement of ten years. Burns argues on appeal that his sentence is unreasonable. We affirm.

Burns's sentence is within the statutory maximum of fifteen years for aggravated battery. I.C. § 18–908. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Burns's actual term of confinement as ten years. Burns must establish that under any reasonable view of the facts a period of confinement of ten years for his aggravated battery conviction was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The facts in this case are that Burns inflicted numerous serious injuries upon the victim, who was his girlfriend, by beating her severely. After having lived together for sometime, the victim tried to end the relationship by asking Burns to move out. On the day of the attack, she helped Burns move out of their apartment and into a rented room. Burns, who claims to have been under the influence of alcohol and prescription drugs at the time, later returned to the victim's apartment. The attack occurred after the victim ordered Burns to leave. The victim received blows to her face from Burns's fists and injuries inflicted to her neck and shoulders from Burns having kicked or stomped on her with his feet. A glass dining room table was smashed over her body and chairs were piled on top of that. She was found unconscious in a pool of blood by her landlady and young son. From this attack, the victim received permanent physical damage and psychological harm. As noted, a jury found Burns guilty of aggravated battery.

The district court in its sentencing comments noted Burns's criminal record, which consists of six felony convictions, including sexual assault, breaking and entering and larceny, and twenty-one misdemeanors. The district court also noted that Burns, 44 years of age, had only a tenth grade education and had been unable to hold down any jobs over any significant period of time. The district court was apparently convinced that Burns's long history of inability to conform his conduct to the law would continue and that there was a need to protect society from this continued conduct. The district court focused on the fact that throughout his life Burns has demonstrated violent behavior toward other people and expressed particular concern that this behavior had erupted in such a particularly vicious way in this case.

The district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentence is reasonable.

The judgment of conviction for aggravated battery, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.