836 P.2d 1090

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Levi Wilfred MARTINEZ,
Defendant–Appellant.**

**No. 19744.**

Court of Appeals of Idaho.

Aug. 6, 1992.

Alan E. Trimming, Ada County Public Defender, Deborah A. Whipple, Deputy Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Levi Wilfred Martinez was charged with aggravated battery, arising out of the stabbing of a fellow inmate at the Idaho State Correctional Institution (ISCI). I.C. § 18–907. Martinez pled guilty, and the district court sentenced him to the maximum penalty of fifteen years imprisonment, to be served consecutively to the seventy-five year sentence Martinez was already serving. *See State v. Martinez*, 111 Idaho 281, 723 P.2d 825 (1986) (fixed seventy-five year period of confinement not excessive). Martinez appeals from the judgment of conviction and sentence, arguing that the district court abused its discretion in sentencing because the court failed to take into account Martinez's character. We affirm.

The pertinent facts are that Martinez repeatedly stabbed another inmate at the ISCI with some kind of sharpened metal object.

 Martinez's sentence is the statutory maximum penalty, as noted. Therefore, the sentence is not illegal and we review the sentence only for an abuse of discretion. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). The defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). "We will not substitute our view for that of the sentencing judge where reasonable minds might differ." *Id.* Martinez must establish that under any reasonable view of the facts a period of confinement of fifteen years for aggravated battery was an abuse of discretion.

 In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The district court reviewed the nature of the offense and the character of the offender in fash-

ioning the sentence imposed in this case. The judge noted that the victim had been stabbed multiple times, and that Martinez's record shows extremely violent past criminal behavior which creates the potential for extraordinarily violent harm to other people.

The district court's sentencing comments reveal that the sentencing criteria were appropriately considered. The district court noted that Martinez does not pose a threat to the general public because of his seventy-five year fixed term of incarceration. However, deterrence was an important sentencing goal given the prison setting in which this crime of violence occurred. As the court noted:

> Under circumstances of this type, the courts always have to consider the issue of deterrence—not deterrence to members of the general public, but the issue of deterrence to other people in the Idaho State Correctional [Institution]. . . .

Although Martinez argues that the district court failed to consider factors specific to his situation, such as alleged animosity by inmates against Hispanic inmates and the brain damage which assertedly was a contributing factor to Martinez's conduct in this case, our review of the record shows that the court considered Martinez's character, the nature of the offense, and the sentencing factors. The court arrived at a sentence which was reasonable and designed to deter others at correctional facilities from acting violently.

The judgment of conviction, including the sentence imposed, is affirmed.