840 P.2d 409
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Daniel STODDARD, Defendant–Appellant.**

**No. 19801.**

Court of Appeals of Idaho.

Oct. 30, 1992.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Pub-

lic Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Daniel Stoddard pled guilty to aggravated battery, I.C. §§ 18–903(b), 18–907(a). The district court imposed a unified sentence of seven and one-half years with a minimum period of confinement of two and one-half years and ordered Stoddard to pay the victim restitution. Pursuant to a Rule 35 motion, the district court reduced the fixed portion of the sentence to one and one-half years, with the strong recommendation that as a condition of parole Stoddard be paroled into an inpatient substance abuse facility for a period of at least one year. Stoddard appeals, arguing that the district court abused its discretion because the sentence is unreasonable. For the reasons stated below, we affirm.

The facts of this case can be stated briefly. After a drug deal went sour, Stoddard went back to the alleged drug dealer's home. When the victim, D.R., who Stoddard mistakenly thought was the alleged drug dealer, opened the door, Stoddard hit D.R. in the face breaking his jaw in two places. The scuffle was broken up and Stoddard left the home. A few days later, Stoddard drove by D.R.'s home and fired two rounds from a handgun into the home.

■■■ The maximum allowable sentence for aggravated battery is fifteen years. I.C. § 18–908. Stoddard's sentence is within the maximum. The minimum period of incarceration without possibility of parole in this case—one and one-half years—is the probable measure of confinement for sentence review purposes. *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v.*

*Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence is reasonable if it accomplishes the primary objective of protecting society and meets the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■■■ Stoddard claims the court abused its discretion by failing to give proper weight to the mitigation testimony of five witnesses and by emphasizing the protection of society to the detriment of the sentencing goal of rehabilitation. The testimony focused on Stoddard's history of substance abuse as the cause of his crimes and on Stoddard's professed desire to rehabilitate himself through long-term counseling. Additionally, Stoddard argues that there is a lack of rehabilitative help for his addiction in the penal system, therefore, incarceration does not meet the goal of rehabilitation.

The record indicates that the court considered the sentencing goals of protection of society, deterrence, rehabilitation, and retribution at the sentencing hearing. The court had before it Stoddard's presentence report, which chronicled a long history of encounters with the law from petit theft to aggravated assault and battery. The report indicated that Stoddard had been previously incarcerated, and when placed on probation numerous times he failed. In addition, after he was released from I.S.C.I. and enrolled in vocational rehabilitation, he was fired from his job and pawned the tools he was provided by the state vocational rehabilitation program. The presentence investigator concluded that Stoddard was not a viable candidate for probation. The report also contained the conclusions of Stoddard's examining psychologist, who reported that Stoddard is a type who has a low frustration level which, coupled with anger and resentment, can lead to periods of aggressive behavior. This opinion of Stoddard's behavior was confirmed by Stoddard's own witnesses who claimed that when Stoddard was using

drugs he was a different person who was a "pretty angry man when he's on drugs." It is clear from the record that the court also considered Stoddard's request for rehabilitative help in solving his drug problem when it shortened the fixed portion of the sentence and recommended parole into a full-time inpatient drug program.

Based on the information presented, we conclude that the sentence accomplishes the primary goal of societal protection as well as rehabilitation, deterrence and retribution. Therefore we are unable to conclude that the court abused its sentencing discretion. The sentence as modified is affirmed.