**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37103**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 618 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RONALD JAMES DARLAND, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order relinquishing jurisdiction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of ten years, with a minimum period of confinement of four years, for felony injury to a child. We affirm.

Ronald James Darland was originally charged with lewd conduct with a minor under sixteen, attempted lewd conduct with a minor under sixteen, and misdemeanor failure to report abuse. Pursuant to a plea agreement, pled guilty to and amended charge of felony injury to a child. I.C. § 18-1501(1). Following his plea, Darland was sentenced to a unified term of ten years, with a minimum period of confinement of four years. The district court retained

1

jurisdiction for 180 days, and Darland was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Darland completed his rider, the district court, however, relinquished jurisdiction. Darland appeals, claiming that the district court erred by refusing to grant probation. He also argues that the sentence of ten years, with a minimum period of confinement of four years, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Darland has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Darland also contends that the unified sentence ten years, with a minimum period of confinement of four years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Darland argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Darland's case. The record does not indicate that a unified term of ten years, with a minimum period of confinement of four years, was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Darland's sentence are affirmed.