**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38661**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 644 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRENT ARDEN REECE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of seven years, for felony driving under the influence and being a persistent violator, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik H. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

In 2010, Brent Arden Reece was found guilty by a jury of felony driving under the influence (DUI). I.C. §§ 18-8004, 18-8005. Reece was also determined to be a persistent violator. I.C. § 19-2514. The district court sentenced Reece to a unified term of twenty-five years, with a minimum period of confinement of seven years. On appeal, Reece argues that the district court abused its discretion by imposing an excessive sentence.[1]

---

[1] In his appellant's brief, Reece also argued that the Idaho Supreme Court's order requiring him to file such brief prior to receipt of missing transcripts denied Reece his Fourteenth

1

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.*

The record in this case reveals that Reece has two prior felony DUI convictions and numerous misdemeanor convictions including reckless driving, inattentive driving, driving without privileges, contempt of court, malicious injury to property, obstructing an officer, exhibition of a deadly weapon, and disturbing the peace. At the sentencing hearing, after citing to Reece's prior criminal history, the district court stated:

> You certainly have been afforded treatment on various levels. You've had treatment in Orofino back in 1996. You had inpatient treatment with the Walker Center. You've been through drug court.
> . . . .

Amendment right to due process on appeal. However, in his reply brief, Reece withdrew the due process issue from this Court's consideration.

Clearly, when you had gone into the state penitentiary and you've come out, you have not taken advantage of any of the programming that you've learned in the penitentiary. You haven't followed up on 12-steps, you haven't sought out treatment, you haven't addressed your alcohol addiction. And the concern that I have is that you are a continual risk to society.

And the alcohol evaluation from the Walker Center says it all. It says that you're only 70 percent ready to quit and that it is likely, if not possible, for you to drink again. And the fact that there is a possibility that you will drink again, means that there is a significant probability that you will be behind another--the wheel of another vehicle, and that creates a severe risk to the community.

Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion by sentencing Reece to a unified term of twenty-five years, with a minimum period of confinement of seven years. Therefore, Reece's judgment of conviction and sentence are affirmed.