**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40651**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 812 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AMADO GUTIERREZ, III, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction and determinate life sentence for lewd conduct with a minor under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Amado Gutierrez, III, entered an *Alford*[1] plea of guilty to lewd conduct with a minor under sixteen. Idaho Code § 18-1508. The district court sentenced Gutierrez to a determinate life term. Gutierrez appeals, contending his sentence is excessive.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

*State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Gutierrez argues his sentence is excessive in light of his advanced age and poor physical health. Gutierrez was seventy-one years of age at the time and suffers from diabetes and heart problems. The district court acknowledged Gutierrez's age and noted "at some point as a matter of biological imperative, you're not going to be able to commit the sort of sexual offenses that you have in the past." However, the district court was more concerned that Gutierrez was still creating victims.

The record in this case reveals that this is Gutierrez's third conviction for a sexual offense against minor children. Despite having previously completed four years of sex offender treatment, Gutierrez chose to reoffend. Although Gutierrez admitted to police that he sexually touched the three young girls, Gutierrez blamed the victims. The psychosexual evaluation revealed that Gutierrez "poses a high risk to reoffend," is "capable of acting in predatory ways, using grooming techniques and manipulation," and is less amenable to treatment. The district court found Gutierrez presented a risk to the community based on Gutierrez's criminal history, failure to rehabilitate, and lack of amenability to treatment.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.*

Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Gutierrez's judgment of conviction and sentence are affirmed.