**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40098**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 644 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 4, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL LYNN JOHNSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction for felony possession of a controlled substance with the intent to deliver, possession of drug paraphernalia, and possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Michael Lynn Johnson appeals from his judgment of conviction after a jury found him guilty of felony possession of a controlled substance with the intent to deliver (methamphetamine), possession of drug paraphernalia, and possession of a controlled substance (marijuana). Johnson argues that the district court erred by denying his motion for mistrial. Additionally, Johnson contends that the district court abused its discretion when it imposed a unified sentence of fifteen years, with three years determinate, for possession of a controlled substance with the intent to deliver. For the reasons that follow, we affirm.

1

# I.

## FACTS AND PROCEDURE

Boise police officers executed a search warrant at a residence and arrested a male[1] and a female (the co-defendant). Inside one of two bedrooms, officers located paraphernalia, mail, and other paperwork with Johnson's name on it. In the residence's garage, the officers found a safe. With the assistance of the fire department, the officers opened the safe and discovered a black bag, methamphetamine, a bag with marijuana, and paraphernalia inside. Also inside the safe were various documents with Johnson's name on them, including a credit card, a social security card, a birth certificate, and a vehicle title. Johnson, who was not at the residence, was transported from his workplace to the residence where, following *Miranda*[2] warnings, he informed an officer that the safe was his.

After Johnson appeared in response to a criminal complaint, he was bound over and charged by information with felony possession of a controlled substance with the intent to deliver (methamphetamine), possession of drug paraphernalia, and possession of a controlled substance (marijuana). Johnson and the co-defendant's trial were consolidated and the case proceeded to a joint trial. In the first trial, a mistrial was granted. At the second trial, the prosecutor presented testimony from officers and other law enforcement personnel and introduced various exhibits into evidence. The co-defendant testified, but Johnson did not. In rebuttal, the prosecutor recalled the officer supervising the search, who authenticated a copy of the recording of an interview of the co-defendant, and the prosecutor published the recording to the jury. In the recording, the supervising officer referred to the co-defendant invoking her right to remain silent. Shortly after the officer's comment was played to the jury, counsel for the co-defendant interrupted the recording and brought an objection before the court, outside the presence of the jury.

Counsel for the co-defendant asserted that a mistrial was necessary because the officer had referred to the co-defendant's invocation of the right to remain silent in the recording. Johnson's attorney joined in the objection and motion. After a protracted discussion between the

---

[1]     The male at the residence was not a defendant in the case below, and the record contains little information about this individual.

[2]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

district court judge, the prosecutor, and the defense attorneys, the judge permitted the prosecutor to redact the recording and the judge announced that he would provide a jury instruction. The redacted recording was published to the jury and was made available to the jury during deliberations, along with a jury instruction regarding a defendant's right to silence. The jury found Johnson guilty on all counts, and the judge imposed a unified sentence of fifteen years, with three years determinate for possession of a controlled substance with the intent to deliver.[3] Johnson appeals.

## II.

## ANALYSIS

On appeal, Johnson argues that the district court erred by denying Johnson's motion for mistrial. He also argues that the district court abused its discretion when it imposed a unified sentence of fifteen years, with three years determinate, for possession of a controlled substance with the intent to deliver.

### A.    Motion for Mistrial

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

---

[3]     The district court imposed unified, determinate sentences of sixty-six days for the possession of drug paraphernalia and possession of a controlled substance counts. The district court also credited Johnson with sixty-six days served.

Johnson argues that reversible error exists because of prosecutorial misconduct. Johnson contends that the prosecutor committed misconduct by playing the recording that included a comment on his co-defendant's post-*Miranda* silence, which Johnson asserts indirectly commented on his own silence, allowing the jury to infer Johnson's guilt. Johnson avers that the State cannot show beyond a reasonable doubt that the error is harmless. The State argues that Johnson cannot vicariously challenge the evidence that related to his co-defendant. To the extent the statement commented on Johnson's own silence indirectly, the State contends any error is harmless beyond a reasonable doubt. The State further asserts that the comment on the co-defendant's silence was fleeting, that the prosecutor did not intend to use the comment as substantive evidence against either the co-defendant or Johnson, that the court gave a curative jury instruction, and that there was overwhelming evidence of Johnson's guilt.

The Fifth Amendment to the United States Constitution, as applied through the Fourteenth Amendment, as well as article I, section 13 of the Idaho Constitution, guarantees a criminal defendant the right not to be compelled to testify against himself. The United States Supreme Court has interpreted this right also to bar a prosecutor from commenting on a defendant's invocation of that right. *Griffin v. California*, 380 U.S. 609, 614 (1965). It is well established that a prosecutor may not use evidence of post-arrest, post-*Miranda* silence for either impeachment, *Doyle v. Ohio*, 426 U.S. 610, 619 (1976), or as substantive evidence of guilt in the State's case-in-chief, *Wainwright v. Greenfield*, 474 U.S. 284, 292 (1986). Idaho has also recognized these limitations. *State v. Ellington*, 151 Idaho 53, 60, 253 P.3d 727, 734 (2011). Prosecutors are, however, permitted to use post-arrest silence "to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest" because the prosecutor is using the silence to "challenge the defendant's testimony as to his behavior following arrest." *Doyle*, 426 U.S. at 619 n.11; *accord State v. Dougherty*, 142 Idaho 1, 4-5, 121 P.3d 416, 419-20 (Ct. App. 2005).

Johnson's assertion of prosecutorial misconduct, which was objected to at trial, is subject to the *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), harmless error test. *Ellington*, 151 Idaho at 59, 253 P.3d at 733.

> When the alleged error is prosecutorial misconduct, first the defendant must demonstrate that prosecutorial misconduct occurred, and then the Court must declare a belief beyond a reasonable doubt that the misconduct did not contribute

4

to the jury's verdict, in order to find that the error was harmless and not reversible.

*Id.* (citing *Perry*, 150 Idaho at 227-28, 245 P.3d at 979-80). Assuming without deciding that Johnson has demonstrated prosecutorial misconduct, we are persuaded beyond a reasonable doubt that the misconduct did not contribute to the jury's verdict.

There is no indication from the trial testimony leading up to the comment on the co-defendant's invocation of her right to remain silent that the jury would have associated the comment with Johnson. Instead, the published recording up to the comment focused on the co-defendant. Even if the jury could have imputed the passing reference to the co-defendant's invocation of her right to remain silent to Johnson, the jury was given a jury instruction that reiterated that a defendant has a right to remain silent and is not compelled to testify. We presume that Johnson's jury followed this instruction. *State v. Joy*, 155 Idaho 1, 7, 304 P.3d 276, 282 (2013).

Additionally, the jury had overwhelming evidence from which it could have reasonably found Johnson's guilt based on the items bearing his name found in the bedroom and in the safe. In the bedroom that contained paraphernalia were various pieces of mail and paperwork with Johnson's name on them. Similarly, the garage safe not only contained methamphetamine and a bag of marijuana, but contained patently important documents exclusive to Johnson. Johnson, according to the testimony of an officer, claimed the safe was his. At trial, Johnson's attorney asked the supervising officer whether the contents of the safe could have belonged to someone other than Johnson, and the supervising officer said he did not believe so "[b]ecause typically drug dealers don't allow just anybody to have access to the safe where they keep their drugs." Drug dealers, based on the officer's experience, "tend not to have their drugs intermingled with a particular individual's personal information, such as a social security card and other personal effects." From all of this evidence, it was not unreasonable for the jury to infer that the contents in the safe were under Johnson's possession.

The only evidence that weighed against this inference was the co-defendant's testimony at trial. The co-defendant testified that the male who was in the house had placed the black bag in the safe. However, this testimony was discredited by the co-defendant's statements in the redacted recording where the co-defendant stated that she did not know what was in the safe, even after the safe had been opened and the supervising officer had informed the co-defendant of

5

what the officers found in the safe. Moreover, other portions of the co-defendant's testimony at trial were contradicted by her previous statements in the audio recording. In short, the jury likely discredited the co-defendant's testimony.

Because of the overwhelming evidence of guilt, we are convinced that the jury would have found Johnson guilty, even if the reference to the co-defendant's invocation of her right to remain silent was not played to the jury. Moreover, placing the published comment in context demonstrates that any error was harmless beyond a reasonable doubt. Accordingly, Johnson has not shown reversible error, and the district court did not err by denying the motion for mistrial.

**B.     Sentence**

Johnson argues the district court abused its discretion when it imposed a unified sentence of fifteen years, with three years determinate, for Johnson's conviction for possession of a controlled substance with the intent to deliver. This crime is punishable by up to life imprisonment. Idaho Code § 37-2732(a)(1)(A). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

6

## III.

## CONCLUSION

The district court did not err by denying Johnson's motion for mistrial. Any prosecutorial misconduct from the comment on the co-defendant's invocation of her right to remain silent was harmless beyond a reasonable doubt. Additionally, the district court did not abuse its discretion when it imposed a unified sentence of fifteen years, with three years determinate, for possession of a controlled substance with the intent to deliver. Accordingly, Johnson's judgment of conviction is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**