IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 46188

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 24, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STEPHANIE ANN GAMBINO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order relinquishing jurisdiction and sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

————————————————————————

PER CURIAM

Stephanie Ann Gambino pleaded guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 2407(1)(b). The district court imposed a unified six-year sentence, with two years determinate. The district court retained jurisdiction, and Gambino was sent to participate in the rider program. Gambino did not complete her rider and the district court relinquished jurisdiction and executed the underlying sentence. Gambino appeals, claiming that the district court erred by refusing to grant probation. She also argues her sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

1

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Gambino has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Gambino also contends that her sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, a review of the record does not demonstrate any error by the district court. Accordingly, the order of the district court relinquishing jurisdiction and Gambino's sentence are affirmed.