## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50647

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 29, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSEPH GERALD BYLOW, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order relinquishing jurisdiction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

PER CURIAM

Joseph Gerald Bylow pled guilty to felony injury to children. Idaho Code § 18-1501(1). In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a sentence of ten years, with a minimum period of confinement of two and one-half years. Bylow filed a written Idaho Criminal Rule 35 motion, which the district court denied.[1] The district court retained jurisdiction, and Bylow was sent to participate in the rider program.

---

[1] On appeal, Bylow does not challenge the district court's denial of his written Rule 35 motion for reduction of his sentence.

After Bylow completed his rider, a review hearing was held. The district court relinquished jurisdiction. Bylow appeals, claiming the district court abused its discretion by failing to reduce the fixed term of his sentence upon relinquishing jurisdiction.

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, the order of the district court relinquishing jurisdiction, is affirmed.