34 P.3d 1107

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Monte Dell STARCHMAN, Defendant–Appellant.**

No. 26954.

Court of Appeals of Idaho.

Oct. 19, 2001.

Ronaldo A. Coulter, State Appellate Public Defender; Charles Isaac Wadams, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Monte Dell Starchman pled guilty to one count of lewd conduct with a minor, I.C. § 18–1508, and one count of sexual battery of a minor child, I.C. § 18–1508. In exchange for those pleas, the state dismissed nine related felony counts. The district court sentenced Starchman to a determinate term of forty years for each count and ordered Starchman's sentences to run concurrent. Starchman filed an I.C.R. 35 motion, which the district court denied. Starchman appeals, claiming that the district court abused its discretion by imposing excessive sentences and by denying Starchman's Rule 35 motion.

Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct.App.2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, Starchman claims that the district court failed to adequately consider his remorse, his lack of prior felony record, the support Starchman had from others, and his positive character attributes. The district court was aware of these factors at the time of sentencing and, after considering the nature of Starchman's crimes, determined that a period of incarceration was necessary in this case to adequately protect society and to punish Starchman.

Although Starchman expressed remorse in his pre-sentence report and at sentencing, he blamed his wife and children for his actions. Starchman insinuated that the victim in this case, his seventeen-year-old daughter, instigated the incidents of sexual intercourse. In Starchman's psychosexual evaluation, when asked by the examiner how Starchman thought his behavior had affected his daughter, he replied, "I don't know, she could feel loved and on the other hand she could feel abused and taken advantage of." At Starchman's sentencing hearing, the district court noted that the present charges were Starchman's first felony offenses. However, the district court also had before it numerous, unspeakable accounts of physical and mental abuse by Starchman of his wife and son, and physical, mental, and sexual abuse by Starchman of his three daughters. The district court received several letters of support from Starchman's parents and friends. The district court also received letters and heard testimony from those family members who knew him best—his wife and children—indicating that they were afraid Starchman would either kill them or harm them if he was ever released from prison. In addition, Starchman expressed only a minimal interest in receiving sex offender treatment, at times stating that he did not believe he needed it. Starchman's psychosexual evaluation, parts of which were read by the

district court at sentencing, concluded the following:

> Mr. Starchman is at present much too dangerous to be treated on an outpatient basis in any form of sex offender treatment known to the examiner. Mr. Starchman is also inappropriate for a referral into this treatment through his self-report of a lack of interest in such treatment, which was contradicted by his indications of moderate interest on the MSI.
>
> . . . .
>
> On the basis of all of the above the examiner opines that Mr. Starchman falls in the "Extremely High" category of individuals most likely to recommit a similar offense in the future.
>
> THE EXAMINER STRONGLY URGES THAT WHENEVER MR. STARCHMAN IS RELEASED FROM INCARCERATION HE BE EVALUATED CAREFULLY UNDER WHATEVER SEXUAL PREDATOR STATUTES EXIST IN THE STATE OF IDAHO AT THAT POINT IN TIME.

Commenting on Starchman's psychosexual evaluation, the district court stated, "In my time as judge I've read a lot of psychosexual evaluations in a lot of cases and I would certainly have to say the conclusions that [the examiner] reached in this case are the most frightening prediction of future behavior that I've ever heard." After having reviewed the record in this case and having considered the nature of Starchman's offenses, we cannot say that Starchman's sentences were unreasonable or excessive. Therefore, we hold that the district court did not abuse its discretion.

■ Next, we review whether the district court erred in denying Starchman's Rule 35 motion. An order denying a motion for reduction of a sentence is reviewed for an abuse of discretion. If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *State v. Hernandez*, 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991). Having concluded that Starchman's sentences were reasonable at the time of pronouncement, our task is to determine whether additional information presented by Starchman with his Rule 35 motion made his sentences excessive.

■ Starchman's Rule 35 motion was accompanied by an affidavit from his trial counsel, letters from a friend and Starchman's parents requesting leniency, and a special progress report from the Idaho Department of Corrections. After considering all of this information, the district court denied Starchman's motion. In its memorandum decision, the district court noted that Starchman did not have a significant prior record, that he had the support of his parents, and had expressed remorse for his crimes. The district court noted that the special progress report from the Idaho Department of Corrections indicated that, although Starchman had entered available rehabilitation programs and was not a disciplinary problem, he was defensive and tended to minimize his background as a sex offender. In addition, the report indicated that he had minimal empathy for his victims. The district court again relied on Starchman's pre-sentence investigation report and Starchman's psychosexual evaluation in reaching its conclusion that Starchman was a sexual predator and that the additional information presented with Starchman's Rule 35 motion was not enough to overcome the need to protect society and Starchman's family members. Having reviewed the record before the district court at the time of the denial of Starchman's Rule 35 motion, we conclude no abuse of discretion has been shown.

For these reasons, Starchman's judgments of conviction and sentences, and the district court's order denying Starchman's Rule 35 motion, are affirmed.

Chief Judge SCHWARTZMAN and Judge LANSING, concur.