**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37078**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 571 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 3, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSEPH D. HORNOF, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order relinquishing jurisdiction, affirmed.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of ten years, with a minimum period of confinement of three years, for sexual abuse of a minor under the age of sixteen years. We affirm.

Joseph D. Hornof pled guilty to one count of sexual abuse of a minor under the age of sixteen years. I.C. § 18-5601(1)(b). Following his plea, Hornof was sentenced to a unified term of ten years, with a minimum period of confinement of three years. The district court retained jurisdiction for 180 days, and Hornof was sent to participate in the rider program.

After Hornof completed evaluation, the jurisdictional review committee recommended probation. The district court, however, relinquished jurisdiction. Hornof appeals, claiming that

1

the district court erred by refusing to grant probation in light of the recommendation of the jurisdictional review committee. He also argues that the sentence of a unified term of ten years, with a minimum period of confinement of three years, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hornof has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Hornof also contends that the unified sentence of ten years, with a minimum period of confinement of three years, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record supports the district court's imposition of Hornof's sentence and thus we conclude Hornof has not shown an abuse of discretion in this case. Accordingly, the order of the district court relinquishing jurisdiction and Hornof's sentence are affirmed.