**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38684**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 726** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 30, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHAYNE RICHARD WARTH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order relinquishing jurisdiction and unified sentence of seven years, with four years determinate, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; LANSING, Judge:
and MELANSON, Judge

---

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in relinquishing jurisdiction and refusing to grant probation. We are also asked to review a unified sentence of seven years, with four years determinate, for felony possession of a controlled substance (methamphetamine). We affirm.

Shayne Richard Warth pled guilty to felony possession of a controlled substance (methamphetamine). Idaho Code § 37-2732. Following his plea, Warth was sentenced to a unified sentence of seven years, with four years determinate. The district court suspended the sentence and placed Warth on probation. Subsequently, Warth admitted to violating his probation, and the district court consequently revoked probation and ordered execution of the

1

original sentence. However, the district court retained jurisdiction for 365 days, with the recommendation that Warth be placed in the Therapeutic Community rider program.

The Idaho Department of Correction later informed the district court that Warth could not be placed in the Therapeutic Community rider program. The district court, finding that placement of Warth in "the Traditional Rider program does not meet the objectives of criminal punishment nor is such placement justified under Idaho Code § 19-2521," relinquished jurisdiction. Warth appeals, claiming the district court erred by refusing to grant probation. He also argues that his sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Warth has failed to show the district court abused its discretion. We, therefore, affirm the order relinquishing jurisdiction.

Warth also contends his unified sentence of seven years, with four years determinate, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Warth argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Warth's case. The record does not indicate that a unified sentence of seven years, with four years determinate, was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Warth's sentence are affirmed.