**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39104**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 382 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT JAMES BUTTERFIELD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for battery on a police officer, affirmed; order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Robert James Butterfield pled guilty to battery on a peace officer, Idaho Code §§ 18-915(3), 18-903(a).[1] The district court sentenced Butterfield to a unified term of five years, with a minimum period of confinement of two years for the battery on a peace officer and retained jurisdiction. Butterfield appeals, asserting that the district court abused its discretion by imposing an excessive sentence and by relinquishing jurisdiction.

_____

[1]    Butterfield also pled guilty to operating a motor vehicle while under the influence of alcohol, excessive alcohol concentration, misdemeanor, I.C. § 18-8004C. The district court imposed a concurrent thirty-day jail sentence for that charge. Butterfield does not appeal that judgment of conviction or sentence.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Butterfield has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Butterfield also contends that the unified sentence of five years with two years determinate, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

The order of the district court relinquishing jurisdiction and Butterfield's sentence are affirmed.