**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38750/38751**

| | |
|---|---|
| STATE OF IDAHO, | 2012 Unpublished Opinion No. 393 |
| Plaintiff-Respondent, | Filed: March 6, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| DEJAH LEE FINGER, aka BEEHN, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Orders relinquishing jurisdiction and reducing sentences to concurrent unified sentences of seven years, with a minimum period of confinement of one year, for two counts of felony possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

In this consolidated appeal, Dejah Lee Finger appeals from the district court's orders relinquishing jurisdiction and reducing sentence. Pursuant to a global plea agreement, Finger plead guilty to two counts of felony possession of a controlled substance, Idaho Code § 37-2732(c), with one count stemming from docket number 38750 and the second count stemming from docket number 38751. The district court sentenced Finger to concurrent unified terms of seven years, with two years determinate, but retained jurisdiction. After the periods of retained jurisdiction the district court reduced Finger's sentences to concurrent unified terms of seven years, with one year determinate, and relinquished jurisdiction. Finger appeals,

1

contending the district court abused its discretion by refusing to grant probation. Finger seeks relief in the alternatives of placement on probation or reduction of the underlying indeterminate portion of her sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Finger requests in the alternative that the underlying indeterminate portion of her sentence be reduced to four years or as this Court deems appropriate. Sentences are also reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

After reviewing the record, we conclude the district court did not abuse its discretion in relinquishing jurisdiction and in granting a reduction of the determinate portion of the sentences, without reduction of the indeterminate portion of the sentences. Accordingly, the orders relinquishing jurisdiction and reducing sentence are affirmed.