**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38909**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 476 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 16, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RODNEY EDWARD MATT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of two and a half years, for felony driving under the influence (DUI). We affirm.

Rodney Edward Matt pled guilty to one count of felony DUI. I.C. § 18-8004(1)(a), 18-8005(6). Following his plea, Matt was sentenced to five years, with a minimum period of confinement of two and a half years. The district court retained jurisdiction for 180 days, and Matt was sent to participate in the rider program.

After Matt completed the rider program, the district court relinquished jurisdiction. Matt appeals, claiming that the district court erred by refusing to grant probation. He argues a change

1

in his medication caused him to perform poorly during the rider and that the district court should grant him another opportunity to participate in the retained jurisdiction program. Matt further argues that his sentence of five years, with a minimum period of confinement of two and a half years, is excessive and constitutes an abuse of discretion and that the district court should have sua sponte reduced his sentence upon relinquishment of jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Matt has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Matt also contends that the unified sentence five years, with a minimum period of confinement of two and a half years,, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Matt argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Matt's case. The record does not indicate that a unified term of five years, with a minimum period of confinement of two and a half years, was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Matt's sentence are affirmed.

2