**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38996**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 477** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 16, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DONALD DEE CHAMBLISS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction and executing unified sentence of twelve years with two years determinate, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Donald Dee Chambliss pled guilty to sexual abuse of a child under the age of sixteen years. Idaho Code § 18-1506(b). Following his plea, Chambliss was sentenced to a unified term of twelve years with three years determinate and the district court retained jurisdiction. At the conclusion of the period of retained jurisdiction, the district court relinquished jurisdiction and ordered executed a reduced unified sentence of twelve years with two years determinate. Chambliss appeals, asserting that the district court abused its discretion when it relinquished jurisdiction and by failing to further reduce the length of his sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

1

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Chambliss has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Chambliss also contends that his reduced sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Chambliss argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action. The record does not indicate that there was an abuse of discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Chambliss' reduced sentence are affirmed.