**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39905**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 735 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 27, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD W. STUDEBAKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a modified, unified sentence of six years, with a minimum period of confinement of two years, for burglary. We affirm.

Richard W. Studebaker pled guilty to one count of burglary. I.C. §§ 18-1401, 18-1403. In exchange for his guilty plea, another charge was dismissed. Studebaker was sentenced to a unified term of seven years, with a minimum period of confinement of three years. The district court withheld judgment, suspended the sentence, and placed Studebaker on probation. Following an admission to violating his probation, the district court revoked the withheld judgment and Studebaker's probation. The district court retained jurisdiction and Studebaker

1

was sent to participate in the rider program at the North Idaho Correctional Institution (NICI). After Studebaker completed evaluation at NICI, the jurisdictional review committee recommended relinquishment of jurisdiction. The district court relinquished jurisdiction but modified Studebaker's sentence to a unified term of six years, with a minimum period of confinement of two years. Studebaker filed an I.C.R. 35 motion for further reduction of his sentence, which the district court denied.

Studebaker appeals, claiming that the district court erred by refusing to grant probation. He also argues that the modified sentence of six years, with a minimum period of confinement of two years, is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Studebaker has failed to show that the district court abused its discretion, and we therefore affirm the order relinquishing jurisdiction.

Studebaker also contends that the unified sentence six years, with a minimum period of confinement of two years,, is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Studebaker argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Studebaker's case. The record does not indicate that the district court abused its discretion in this case. Accordingly, the sentence is affirmed.

The order of the district court relinquishing jurisdiction and Studebaker's sentence are affirmed.