**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40541**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 751 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN E. LEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction and whether the district court should have sua sponte further reduced the sentences. We affirm.

Brian E. Lee pled guilty to two counts of issuing a check with insufficient funds. I.C. § 18-6106(b). The district court sentenced Lee to a unified term of three years, with a minimum period of confinement of one year, for the first count of issuing a check with insufficient funds and a consecutive indeterminate term of three years for the second count of issuing a check with

1

insufficient funds.[1] The district court retained jurisdiction, and Lee was sent to participate in the rider program. Prior to Lee's completion of the rider program, the district court relinquished jurisdiction and reduced one of Lee's sentences to an indeterminate term of three years, with a minimum period of confinement of six months. Lee's second sentence of a consecutive indeterminate term of three years remained unchanged. Lee appeals, claiming that the district court erred by refusing to grant probation, that his sentences are excessive, and the district court should have further sua sponte reduced his sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lee has failed to show that the district court abused its discretion with regard to its order relinquishing jurisdiction.

Lee also contends that his modified sentences are excessive and constitute an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Lee argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Lee's case. The record does not indicate that the district court abused its discretion in this case.

The order of the district court relinquishing jurisdiction and Lee's sentence are affirmed.

---

[1] Lee also pled guilty to misdemeanor resisting or obstructing officers. He was sentenced to a concurrent term of ninety days in jail. This sentence is not challenged on appeal.