IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 42617/42619

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 550 |
|---|---|---|
| Plaintiff-Respondent, | ) ) | Filed: July 14, 2015 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| TODD JEFFREY HACKMAN, | ) ) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | ) ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order relinquishing jurisdiction, affirmed; judgment of conviction and sentence for possession of methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

This is a consolidated appeal. In Docket No. 42619, Todd Jeffrey Hackman pled guilty to delivery of methamphetamine, Idaho Code § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Hackman to eight years with two and one-half years determinate, suspended the sentence, and placed Hackman on probation. Subsequently, Hackman admitted to violating several terms of his probation. The district court revoked probation and ordered retained jurisdiction. At Hackman's request, the district court granted one additional day of work release "to tie things up" before entering the retained jurisdiction program. Hackman failed to report for his rider which led to charges of

1

escape, I.C. § 18-2505, and possession of methamphetamine, I.C. § 37-2732(c)(1), in Docket No. 42617. Hackman pled guilty to possession of methamphetamine and, in exchange, the State dismissed the escape charge. The district court imposed a unified seven-year sentence with a three-year determinate term to run concurrently with the sentence in Docket No. 42619, and relinquished jurisdiction in Docket No. 42619. Hackman filed an Idaho Criminal Rule 35 motion requesting leniency which was denied. Hackman appeals, contending that the district court abused its discretion in relinquishing jurisdiction in Docket No. 42619 and that his sentence is Docket No. 42617 is excessive.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Hackman has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Hackman also contends that his sentence in Docket No. 42617 is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Hackman argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Hackman's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Hackman's sentences are affirmed.