## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 42612

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 710** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  November 16, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSEPH JACKSON BAXTER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment of conviction and sentence; and order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Joseph Jackson Baxter pleaded guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1).  The district court imposed a unified ten-year sentence, with three years determinate, and retained jurisdiction.  After sentencing while awaiting transport from the local jail to the Idaho Department of Correction, but prior to participating in the retained jurisdiction program, Baxter received new drug-related criminal charges.  The State motioned the district court to relinquish jurisdiction.  Following a hearing, the district court relinquished jurisdiction.  Baxter appeals.  He also argues that the district court

1

abused its discretion by relinquishing jurisdiction and, in the alternative to vacating the order relinquishing jurisdiction, moves this Court to reduce his underlying sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that after sentence was imposed, but while still in the local jail awaiting transportation, Baxter smoked marijuana and ingested hydrocodone pills. This demonstrates Baxter's lack of amenability to rehabilitation. The district court properly considered the information before it and determined that neither retained jurisdiction nor probation were appropriate. We hold that Baxter has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Baxter argues that all of the relevant goals of sentencing could have been accomplished with completion of retained jurisdiction and probation. As noted above, however, the district court found that neither were an appropriate course of action in Baxter's case. Further, the record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Baxter's sentence are affirmed.