## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44486

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 459** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 3, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MITCHELL WILLIAM JENKINS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; MELANSON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Mitchell William Jenkins pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Jenkins to a unified term of seven years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Jenkins was sent to participate in the rider program. Upon completion of his CAPP retained jurisdiction, the rider staff recommended that Jenkins be placed on probation. The district court held a rider review hearing, concluded that Jenkins's performance during the rider program had been abysmal, but continued the review

1

hearing to enable Jenkins to submit additional information regarding the rider staff's recommendation in favor of probation. The Department of Corrections informed the district court that Jenkins should have been placed in sex offender treatment based on his prior criminal history. Jenkins advised the district court that he would be willing to participate in the recommended sex offender treatment program. Therefore, the district court vacated the rider review hearing and continued Jenkins's period of retained jurisdiction.

After Jenkins completed his rider, the district court relinquished jurisdiction based on Jenkins's performance in the sex offender treatment program. Jenkins filed an I.C.R 35 motion for reduction of his sentence, which the district court denied. Jenkins appeals, claiming that the district court erred by refusing to grant probation following his first period of retained jurisdiction. He also argues his sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Jenkins has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Jenkins also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Jenkins argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Jenkins's case. The record does not indicate that the district court abused its discretion in sentencing.

2

The order of the district court relinquishing jurisdiction and Jenkins's sentence are affirmed.