**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44769**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 520** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 17, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **PHILLIP ANTHONY ROBERT** | ) | **THIS IS AN UNPUBLISHED** |
| **WORSHAM,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of methamphetamine, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Phillip Anthony Robert Worsham pled guilty to possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of seven years, with a minimum period of confinement of two years. Worsham filed an Idaho Criminal Rule 35 motion, which the district court denied. The district court retained jurisdiction, and Worsham was sent to participate in the rider program.

1

Shortly after Worsham began his rider, the district court relinquished jurisdiction. Worsham appeals, claiming that the district court erred by refusing to grant probation. He also argues his sentence is excessive and constitutes an abuse of discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Worsham has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Worsham also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Worsham argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Worsham's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Worsham's sentence are affirmed.