## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45325

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 409** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 3, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **BLADE PARKER ANDERSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Blade Parker Anderson pled guilty to aggravated battery. I.C. §§ 18-903(a) and 18-907. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Anderson to a unified term of eight years, with a minimum period of confinement of three years. The district court retained jurisdiction, and Anderson was sent to participate in the rider program.

Prior to completion of Andersons's rider, the district court relinquished jurisdiction. However, the district court modified Anderson's sentence to a unified term of eight years, with a minimum period of confinement of two and one-half years. Anderson appeals, claiming that the

1

district court abused its discretion by refusing to grant probation and by not further reducing Anderson's sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Anderson has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Anderson also contends that his sentence is excessive and constitutes an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Anderson argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Anderson's case. The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Anderson's modified sentence of a unified term of eight years, with a minimum period of confinement of two and one-half years, are affirmed.