# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46303

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: May 6, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRADLEY STEVEN STEIGER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Judgment of conviction and unified sentence of ten years with a two and one-half-year determinate term for third degree arson, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

--------

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

--------

PER CURIAM

Bradley Steven Steiger pled guilty to third degree arson, Idaho Code § 18-804. The district court imposed a unified sentence of ten years with two and one-half years determinate. The district court retained jurisdiction, and Steiger was sent to participate in the rider program.

After Steiger completed his rider, the district court relinquished jurisdiction. Steiger filed an Idaho Criminal Rule 35 motion, which the district court denied. Steiger appeals, claiming that the district court erred by refusing to grant probation. He also argues his sentence is excessive and constitutes an abuse of discretion.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Steiger has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Steiger also contends that his sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Steiger argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Steiger's case. The record does not indicate that the district court abused its discretion in sentencing. The order of the district court relinquishing jurisdiction and Steiger's sentence are affirmed.