# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46634

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 21, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KYLE LEE ADAMS, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Order relinquishing jurisdiction and executing reduced sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

Kyle Lee Adams pleaded guilty to operating a motor vehicle while under the influence of alcohol (one felony conviction within fifteen years), Idaho Code §§ 18-8004, -8005(9). The district court imposed a unified ten-year sentence, with five years determinate. The district court retained jurisdiction, and Adams was sent to participate in the rider program. After Adams completed his rider, the district court relinquished jurisdiction and pursuant to Idaho Criminal Rule 35, reduced Adams' sentence to a unified ten-year sentence, with four and one-half years determinate. Adams appeals, claiming the district court abused its discretion by relinquishing jurisdiction and be imposing an original excessive sentence.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Adams has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Adams also contends that his underlying sentence is excessive and constitutes an abuse of discretion. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). The record does not indicate that the district court abused its discretion in sentencing.

The order of the district court relinquishing jurisdiction and Adams' reduced sentence are affirmed.

2